**CAPITAL SAVINGS BANK and Almac Electronics Corporation, Plaintiffs,**

v.

**PACIFIC NORTHWEST BELL; American Telephone & Telegraph Company; and AT & T Information Systems, Defendants.**

**No. C86–1771V.**

United States District Court, W.D. Washington.

May 21, 1987.

Weckworth, Barer & Meyer, Seattle, Wash., for plaintiffs.

Mark Roelling, Seattle, Wash., for defendant Pacific Northwest Bell.

Davis Wright & Jones, Seattle, Wash., for defendants American Tel. & Tel., and AT & T Information Systems.

## ORDER

VOORHEES, District Judge.

Having considered the motion of defendants for partial summary judgment against plaintiff Capital Savings Bank ("Capital"), and the motion of defendants for sanctions against plaintiffs' attorneys under Fed.R. Civ.P. 11, together with the memoranda and affidavits submitted by counsel, the Court finds and rules as follows:

1. Plaintiffs in this action are Capital and Almac Electronics Corporation ("Almac"). In their complaint, plaintiffs allege the existence of a two-tier contract between each of the plaintiffs and the defendants. Paragraph 2.2 of the complaint reads:

At a time prior to January 1, 1984, each of the named Plaintiffs entered into a contract with PNB substantially in the form attached as Exhibit A hereto respecting the installation of "Dimension," "Horizon," "Prelude," and "Com–Key" equipment. These contracts were referred to by PNB as "Two–Tier Memoranda." The contracts were so called because charges, in fact, were compiled based upon two components. The "Tier A charge" represented an amortization value of the cost and installation cost of the equipment. The "Tier B charge" was a specified monthly charge which applied "as long as the equipment is in use and [the charge was] subject to rate changes authorized by the appropriate state utility commission," which in the case of all Plaintiffs is the Washington Utilities and Transportation Commission (WUTC).

Plaintiffs further allege specific practices of defendants which they believe breach the terms of the two-tier contract. Plaintiffs attach a form copy of the two-tier contract as an exhibit to the complaint. Plaintiffs finally make class action allegations on behalf of all persons who entered into two-tier contracts with defendants. Paragraphs 5.2 through 5.4.

2. After the defendants had investigated the facts of this case, it became apparent that Capital and defendants had never entered into a two-tier contract of the type alleged in the complaint. The officer of Capital who was deposed by defendants admitted to no knowledge of any two-tier contract. The consultant hired by Capital admitted that there was no two-tier contract between Capital and defendants. Neither Capital nor defendants have been able to find a copy of a two-tier contract entered into by them. In consequence, the Court finds that the undisputed facts in this case establish that Capital did not enter into any two-tier contract with defendants.

3. Defendants move for summary judgment on Capital's claims. Defendants argue that as the complaint is based solely upon a two-tier contract and as there was no two-tier contract between Capital and defendants, Capital's claims must be dismissed.

4. Capital argues that its complaint is broad enough to contemplate an action for breach of various other equipment and service contracts. The Court finds Capital's arguments unpersuasive. The entire basis of the plaintiffs' complaint in this action is the two-tier contract attached as an exhibit to their complaint. There are no allegations in the complaint as to a breach of any contract other than a two-tier one. In consequence, the claims of Capital must be dismissed.

5. Defendants also ask for sanctions under Fed.R.Civ.P. 11. In order to assess sanctions under Rule 11, this Court must consider whether Capital's attorneys conducted a reasonable inquiry into the factual allegations of Capital before the attorneys signed the complaint. The subjective good faith of Capital's attorneys in signing the complaint is not sufficient to avoid an imposition of sanctions. *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 829 (9th Cir.1986).

6. In the present case, any reasonable inquiry by Capital's attorneys into Capital's potential claims against defendants would have included a search of Capital's files for a copy of the two-tier contract at issue. That search would have revealed that Capital had not entered into a two-tier

contract, and Capital's two-tier contract would never have been filed. In consequence, Capital's attorneys violated Rule 11 by filing and signing the complaint before conducting the modest inquiry that would have revealed whether Capital was a party with defendants to a two-tier contract. Because of the failure of Capital's counsel to confirm that Capital was in fact a party to a two-tier contract, defendants' request for sanctions must be granted.

7. After reviewing the affidavits submitted by defendants concerning the proper costs incurred by defendants in the action commenced by Capital, the Court finds that defendants spent no less than $4,000.00 in defending against the fraudulent claim of Capital and that $4,000.00 is a reasonable award to be made to defendants because the fraudulent claim of Capital was asserted.

Accordingly, the motion of defendants for partial summary judgment against Capital is GRANTED. The claims of Capital are DISMISSED.

The motion of defendants for sanctions against Capital's attorneys is GRANTED. Capital's attorneys shall pay the sum of $4,000.00 as sanctions to defendants. The payment shall be made no later than 60 days from the date of this order.